(C.D. 3201)

CHARLES GARCIA & CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided November 20, 1967)

*Siegel, Mandell & Davidson* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The above case has been submitted on a written stipulation reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked HM (Comm. Spec's initials) by Commodity Specialist Harry Menschenfreund (Comm. Spec's Name) on the invoices covered by the protest enumerated above, consist of plastic boxes, assessed with duty at 30½ per centum ad valorem, under the provisions of paragraph 1211 of the Tariff Act of 1930, as modified, and paragraph 1559, as amended, on the basis that said boxes are containers for fishing lines, and an additional duty of 21 per centum ad valorem under paragraph 397, as modified, and paragraph 1559, as amended of said Act and in accordance with Section 504 of said Act on the basis that said boxes were unusual containers.

That said plastic boxes are not containers for fishing lines, but are in fact separate articles of commerce and as such are not subject to duty under paragraph 1211 and Section 504, but dutiable at 21 per centum ad valorem under paragraph 397, Tariff Act of 1930, as modified, and paragraph 1559, as amended.

That the matter herein be remanded to a single judge sitting in reappraisement for a determination of the value of the merchandise in the manner provided by law.

That the protest be deemed submitted on this stipulation, the protest being limited to the items marked with the letter "A", as aforesaid, and abandoned as to all other items.

Accepting the foregoing stipulation of fact, we find and hold that there was no separate appraisement for the involved plastic boxes and fishing lines, and that the plastic boxes are not containers for fishing lines, but are separate articles of commerce and are not subject to duty under paragraph 1211 and section 504, Tariff Act of 1930, or as modified. The appraisement is, therefore, void.

Accordingly, said protest filed against such void liquidation is premature, and the involved protest is hereby dismissed and the matter is remanded for further proceedings to a single judge sitting in reappraisement for determination of the separate value of the plastic boxes in the manner provided by law, 28 U.S.C., section 2636(d).

Judgment will be entered accordingly.